Cantor Fitzgerald & Co. v PEI Global Partners Holdings LLC (2026 NY Slip Op 00080)

Cantor Fitzgerald & Co. v PEI Global Partners Holdings LLC

2026 NY Slip Op 00080

Decided on January 13, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 13, 2026

Before: Kern, J.P., Kennedy, Higgitt, O'Neill Levy, Chan, JJ. 

Index No. 651268/24|Appeal No. 5552|Case No. 2025-02151|

[*1]Cantor Fitzgerald & Co., Appellant,
vPEI Global Partners Holdings LLC, Respondent.

Cantor Fitzgerald Securities, New York (Sid Nadkarni of counsel), for appellant.
Liston LLP, New York (Joshuia D. Liston of counsel), for respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about January 29, 2025, which granted defendant's motion to dismiss the complaint in its entirety pursuant to CPLR 3211(a)(5), unanimously affirmed, without costs.
Supreme Court properly dismissed the complaint on the ground of res judicata because defendant was in privity with the arbitration respondents (see e.g. Green v Santa Fe Indus., 70 NY2d 244, 253 [1987]). "To determine if a party in the prior action is in privity with a nonparty to the prior action, we must consider 'whether the circumstances of the actual relationship, the mutuality of interests, and the manner in which the nonparty's interests were represented in the earlier litigation established a functional representation such that the nonparty may be thought to have had a vicarious day in court'" (Gulf LNG Energy, LLC v Eni S.p.A., 232 AD3d 183, 190 [1st Dept 2024], lv denied 44 NY3d 902 [2025], quoting Rojas v Romanoff, 186 AD3d 103, 111-112 [1st Dept 2020]). Here, individual bankers who were respondents in the arbitration are defendant's principals and hold 100% of its equity. Moreover, all arbitration respondents, including the entity respondent, were aligned with defendant by common purpose and were represented by the same counsel in the arbitration as defendant is here (see id.).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2026